IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ILLINOIS AFL-CIO, *et al.*,

    Plaintiffs,

vs.

BRUCE RAUNER, *et al.*,

    Defendants.

Case No. 15-cv-271-SMY-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative. For the following reasons, the Court **REMANDS** this case to state court because it lacks subject matter jurisdiction.

Plaintiffs filed their state-law claims in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois challenging Governor Rauner's February 9, 2015 Executive Order prohibiting state agencies from enforcing fair-share contract provisions. Specifically, Plaintiffs' Complaint alleges in Count I that Defendants exceeded their statutory and constitutional authority under Illinois law and in Count II that the Executive Order violates the collective bargaining agreements between Plaintiffs and the State. Defendants removed this case pursuant to 28 U.S.C. § 1331 arguing Plaintiffs' claims "raise a disputed, substantial federal issue that controls the analysis of the state-law claim" (Doc. 1, p. 4). Specifically, Defendants argue that the resolution of Plaintiffs' claims turn on whether or not the fair-share fees violate the First Amendment's guarantees of free speech and free association.

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Moreover, federal courts must police the boundaries of their own jurisdiction. *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. Jan. 12, 2015). Even absent an objection by a party challenging jurisdiction, they

are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.* 546 U.S. 500, 506-07 (2006) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has recognized two ways in which a case may *arise under* federal law. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). First, a case most commonly arises under federal law when federal law creates the cause of action. Second, a case asserting only state-law causes of action may arise under federal law "if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S.Ct. at 1065; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (recognizing that "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues").

In *Grable and Sons Metal Products, Inc. v. Darue Engineering and Manufacturing*, the petitioner brought a quiet title action in state court asserting that "the respondent's title was invalid because a federal statute required the IRS to give notice of the seizure and sale by personal service rather than by certified mail." *Evergreen Square*, 776 F.3d at 466 (citing *Grable*, 545 U.S. at 311). The Supreme Court found the petitioner's claim arose under federal law because "whether the petitioner was given notice within the meaning of the applicable

2

federal statute was 'actually in dispute' and an 'essential element' of the petitioner's quiet title action . . . ." *Evergreen Square*, 776 F.3 at 466 (citing *Grable*, 545 U.S. at 311).

It is well-settled, however, "that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987); *see also Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Pursuant to the "well-pleaded complaint" rule, a plaintiff may avoid federal court jurisdiction by pleading only state-law claims, even "though certain federal questions may be implicit in his or her claim." *Doe*, 985 F.2d at 911.

Here, unlike *Grable*, a federal question is not "necessarily raised" in Plaintiffs' Complaint because a federal issue is not an essential element of Plaintiffs' state-law causes of action. Even if Plaintiffs anticipated that Defendants would raise the First Amendment of the United States Constitution as a defense or even if both parties concede that the First Amendment of the United States Constitution is the only question truly at issue, this Court does not have jurisdiction. Plaintiffs' "well-pleaded complaint" raises only state-law questions.

For the foregoing reasons, the Court **REMANDS** this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. The Court further **DENIES as moot** Plaintiffs' Motion to Remand (Doc. 26) and Motion to Accelerate the Briefing Schedule (Doc. 28).

**IT IS SO ORDERED.**

**DATED:** March 23, 2015

                                                  s/ Staci M. Yandle
                                                  **STACI M. YANDLE**
                                                  **DISTRICT JUDGE**